UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PHILLIP OWENS, <br><br> Plaintiff, <br><br> v. <br><br> DEB MEIJER, CHRISTIAN NEWMAN, and HUNTINGTON COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | CAUSE NO. 1:25-CV-163-JTM-JEM |

OPINION AND ORDER

Phillip Owens, a prisoner without a lawyer, filed a vague complaint that appears to contain unrelated claims against the Huntington County Jail Commander Deb Meijer, Huntington County Sheriff Christian Newman, and the Huntington County Sheriff's Office. (DE # 1.) He alleges the defendants withheld his legal mail, preventing him from making timely responses to pending cases in the Northern District of Indiana and in the Seventh Circuit. He alleges the defendants restricted his access to legal research and legal materials, interfering with his right to access the courts. He alleges the defendants withheld correspondence his family sent, keeping him from learning about the deaths of his grandfather and uncle. He alleges he was treated differently than other offenders at the jail because the defendants addressed interpersonal issues he had with other inmates in a public way that allowed other inmates to hear. And, finally, he alleges that the defendants refused to respond to his grievances and other attempts to resolve these issues at the jail.

It is unclear whether all these claims are related and can be brought in the same lawsuit. Claims are related either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Here, an issue about addressing Owen's private matters in public is not part of the same transaction or occurrence as issues with his mail. And, depending on the circumstance surrounding the withholding of his legal mail and the withholding of his personal correspondence, the two claims may or may not be part of the same transaction or occurrence.

Owens cannot link all these claims through the same defendant because he does not explain how each defendant was involved in each asserted claim. It is not plausible that the three defendants he sues—the jail commander, the sheriff, and the sheriff's office—could all be held liable for the claims he asserts. A claim under 42 U.S.C. § 1983 requires that a defendant have personal involvement in the alleged constitutional violation to be held liable. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). The jail commander and sheriff cannot be held liable for the unconstitutional acts of their subordinates if they were not involved in the violations. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As supervisors, they could be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). But the complaint is vague about who exactly was involved in each of these claims and what each of them did, so the court cannot determine whether either the sheriff or the jail commander could be liable for an alleged violation.

The Huntington County Sheriff's Office, likewise, is not responsible for the acts of its employees under 42 U.S.C. § 1983. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). In the case of a governmental entity, like the Sheriff's Department, the personal involvement necessary for a claim under § 1983 takes the form of an official policy, custom, or practice attributable to the organization that deprived a plaintiff of a federal right. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In other words, a claim under *Monell* "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and ellipses omitted). Owens does not link the allegations to an official policy, custom, or practice so as to hold the sheriff's office liable for all these claims.

"[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). Owens needs to decide which related claims to bring in this case and who is the appropriate defendant. After he chooses which claims and defendants he wants to include, Owens must file an

3

amended complaint by writing this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. If he wants to pursue any other claims, he must file a separate complaint, which will be assigned a new case number and assessed a separate filing fee for each group of claims.

For these reasons, the court:

(1) GRANTS Phillip Owens until **July 31, 2025**, to file an amended complaint containing only related claims; and

(2) CAUTIONS Phillip Owens if he does not respond by the deadline, this case will be dismissed without further notice because the claims are too vague to proceed.

**SO ORDERED.**

Date: June 24, 2025

                         s/James T. Moody
                         JUDGE JAMES T. MOODY
                         UNITED STATES DISTRICT COURT